IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN JONES AND NICK HODGES,

        Plaintiffs,

  v.

BNSF RAILWAY COMPANY,

        Defendant.

Case No. 14-2616-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiffs bring this action pursuant to the Federal Railroad Safety Act[1] ("FRSA"), against BNSF Railway Company ("BNSF"). Plaintiff Brian Jones alleges BNSF retaliated against him for reporting an altercation with a fellow employee and for obtaining a restraining order against that employee. Plaintiff Nick Hodges alleges BNSF retaliated against him for reporting verbal threats made against Jones by another employee in the same altercation. On January 14, 2016, the Court granted BNSF summary judgment and dismissed Plaintiffs' complaint in its entirety.[2] This matter is now before the Court on Plaintiffs' Motions to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), as supplemented (Docs. 34, 35, 40). BNSF has responded and requests leave to file a surreply (Doc. 45). For the reasons discussed in detail below, the Court denies BNSF leave to file a surreply and denies Plaintiffs' motions to alter or amend judgment.

    **I.    Motion to File Surreply**

As an initial matter, the Court must decide whether it may consider BNSF's proposed surreply (Doc. 45-1) as part of the briefing on Plaintiffs' motions to alter or amend judgment. Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in

---

[1] 49 U.S.C. § 20101–20121.

[2] Doc. 32.

support), a response, and a reply. Surreplies typically are not allowed.³ Rather, surreplies are permitted only with leave of court and under "rare circumstances."⁴ Plaintiff did not file a response to BNSF's motion for leave.

Here, BNSF argues that it should be permitted to file a surreply to address Plaintiff Jones's new claim that the Tenth Circuit adopted the *Marano/Araujo* standard, not the *Kuduk* standard, and makes a new allegation that BNSF did not meet its summary judgment burden. The Court finds, however, that the majority of BNSF's surreply addresses the recent *Cain* decision referenced in prior briefs and what it claims are Jones's "implausible and inaccurate" arguments about the impact of that decision and whether it constitutes a change in controlling law. Accordingly, the Court denies BNSF leave to file a surreply.⁵

## II.     Standard

Under Rule 59(e), grounds warranting a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.⁶ "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."⁷ Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal

---

³*Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004), *aff'd on other grounds*, 189 F. App'x 752 (10th Cir. 2006).

⁴*Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998) (citations and internal quotation marks omitted).

⁵*See id.* (explaining the rules governing the filing of surreplies "are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.") (citation and internal quotation marks omitted).

⁶ *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

⁷*Id.*

theories or facts that could have been raised earlier.[8] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[9] Whether to grant a motion to reconsider is left to the Court's discretion.[10]

### III. Discussion

#### A. Brian Jones

To establish a prima facie case of FRSA retaliation, Plaintiff must establish by a preponderance of the evidence that: (1) he engaged in protected activity; (2) BNSF knew that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the protected activity was a contributing factor to the adverse employment action.[11] In its Order granting summary judgment, the Court set forth the applicable standard as follows:

> The contributing factor standard has been understood to mean "any factor which, alone or in conjunction with other factors, tends to affect in any way the outcome of the decision." While the contributing factor standard does not require that the employee "'conclusively demonstrate the employer's retaliatory motive,'" it does require that the employee prove "intentional retaliation prompted by the employee engaging in protected activity." In other words, while it need not be the determinative factor, an unlawful retaliatory motive–or "discriminatory animus"– must have contributed in some way to the decision.[12]

The Court noted that discriminatory animus is often shown by circumstantial evidence, such as temporal proximity, indications of pretext, inconsistent application of an employer's policies, shifting explanations by the employer, or a change in the employer's attitude towards

---

[8]*Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[9]*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[10]*Coffeyville Res. Refining & Mktg.., LLC v. Liberty Surplus Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[11]*Araujo v. N.J. Transit Rail Operations, Inc.*, 708 F.3d 152, 157 (3d Cir. 2013).

[12]Doc. 32 at 14 (citing *Araujo*, 708 F.3d at 158; *Kuduk v. BNSF Ry. Co.*, 768 F.3d 786, 791 n.4 (8th Cir. 2014)).

the employee after he engages in protected activity.[13]  In granting BNSF summary judgment, the Court found that Plaintiff did not present evidence sufficient to show that his protected activity was a contributing factor to his suspension or discipline, and thus failed to establish a prima facie case of retaliation.[14]

Jones first moves for relief on the grounds that the Court misapprehended the facts and the parties' positions, in effect asking the Court to amend its order because he believes the Court came to the wrong conclusion.  However, Jones presents no valid legal argument to warrant relief from the Court's order.  Instead, he merely cites to the opinion and repeats arguments and allegations regarding his prima facie case of retaliation.  Jones's broad assertions are merely a rehash of his previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 59(e).

Jones also contends that he is entitled to relief because of an intervening change in the controlling law.  Jones asserts that on March 7, 2016, the Tenth Circuit issued *BNSF Railway Co. v. U.S. Department of Labor*,[15] (hereinafter "*Cain*") wherein it "implicitly" rejected the causation standard used by this Court in granting BNSF summary judgment.  In its previous Order, this Court found that Jones failed to establish that his protected activity—obtaining the TRO—was a contributing factor to his suspension or discipline, setting out the standard set forth by the Eighth Circuit in *Kuduck v. BNSF Railway Co.*: while the contributing factor standard does not require that the employee "conclusively demonstrate the employer's retaliatory motive," it does require that the employee prove "intentional retaliation prompted by the employee engaging in protected

---

[13]*Id.* (citation omitted).

[14]Doc. 32 at 14–16.

[15]816 F.3d 628 (10th Cir. 2016).

4

activity."[16]  In other words, while it need not be the determinative factor, an unlawful retaliatory motive—or "discriminatory animus"—must have contributed in some way to the decision.[17] Plaintiff contends that in the recent *Cain* case, the Tenth Circuit adopted the standard set forth by the Federal and Third Circuits in *Marano/Araujo*, and rejected the animus requirement adopted by the Eighth Circuit in *Kuduck*.[18]  Thus, Plaintiff urges, a retaliatory motive is not necessary and the causation element should be reduced to an "if then" equation:  if Plaintiff's protected activity contributed in any way to BNSF's decision to suspend both employees with pay, then Plaintiff has established a prima facie case of retaliation.

In *Cain*, the Tenth Circuit held that employee Christopher Cain "[could] not satisfy the contributing-factor standard merely by arguing that BNSF would not have known of his [misconduct] absent his filing [an injury] Report."[19]  Cain was suspended and placed on probation after BNSF investigated the circumstances of an injury he reported in January 2010, resulting from a car crash.[20]  BNSF determined that Cain had violated its rules associated with safety while driving automobiles.[21]  BNSF later dismissed Cain because it found that he had committed a subsequent rule violation when he updated his initial injury report, to disclose for the first time medical treatment related to his vehicle accident.[22]  This late reporting violated BNSF's rules and, in "accumulation" with Cain's prior suspension, was grounds for dismissal.[23]

---

[16] Doc 32 at 14 (citing 768 F.3d 786, 791 (8th Cir. 2014)).

[17] *Kuduk*, 768 F.3d at 792.

[18] *See Araujo*, 708 F.3d 152, 158 (3d Cir. 2013); *Marano v. Dep't of Justice*, 2 F.3d 1137 (Fed. Cir. 1993).

[19] 816 F.3d at 639.

[20] *Id.* at 633–35.

[21] *Id.* at 635.

[22] *Id.*

[23] *Id.*

The Department of Labor's Administrative Review Board concluded that, on these facts alone, Cain had established contributing factor causation, as his injury report necessarily played a role in his suspension and subsequent dismissal.[24] The Tenth Circuit disagreed, explaining that "[b]ecause BNSF contends that it fired Cain for misconduct he revealed in his updated Report, Cain must "show more than his updated Report loosely leading to his firing," and agreeing with BNSF that "employees cannot immunize themselves against wrongdoing by disclosing it in a protected-activity report."[25] In so ruling, the court cited the applicable contributing-factor standard as "any factor, which alone or in combination with other factors, tends to affect *in any way* the outcome of the decision." [26] The court noted that this standard is "broad and forgiving" and "was intended to overrule existing case law, which require[d] a whistleblower to prove that his protected conduct was a 'significant,' 'motivating,' 'substantial,' or 'predominant' factor in a personnel action in order to overturn that action."[27] Despite the breadth of the contributing factor standard, however, the court rejected Cain's factual-connection theory, holding that when the injury report itself reveals the misconduct, a FRSA plaintiff must show more than the factual connection, and to hold otherwise would improperly immunize employees who make injury reports from discipline based on rules violations.[28] The court explained, "[b]ecause BNSF contends that it fired Cain for misconduct he revealed in his updated Report, Cain cannot satisfy the contributing factor standard merely by arguing that BNSF would not have known of his delays in reporting his injuries absent his filing the updated Report."[29]

---

[24] *Id.* at 639.

[25] *Id.*

[26] *Id.* at 638–39 (quoting *Lockheed Martin Corp. v. Admin. Rev. Bd., U.S. Dep't of Labor*, 717 F.3d 1121, 1136 (10th Cir. 2013)).

[27] *Id.*

[28] *Id.* at 639.

[29] *Id.*

Jones's argument that *Cain* changed the contributing factor standard appears to be an overstatement of the holding of the Tenth Circuit. Citing *Marano*, the court noted that ordinarily, an employee need only show "by preponderant evidence that the fact of, or the content of, the protected disclosure was one of the factors that tended to affect in any way the personnel action."[30] In other words, if the protected activity and the content reported were "inextricably intertwined" with the personnel action, and the employer would not have taken the adverse action without the protected activity, the contributing factor standard is satisfied.[31] But in the Tenth Circuit's view, Cain's case is an exception to this rule because, unlike in *Marano*, Cain's Report contained information that he himself might have violated company rules, requiring more than this chain of events.[32] Notably, the court did not decide whether it would or would not follow *Kuduk* in other types of FRSA retaliation cases where the protected activity and content are not so intertwined—indeed, the court did not even cite *Kuduk*, much less disagree with it.[33]

But even if Plaintiff's reading of *Cain* is correct, it would not change this Court's conclusion, because this case presents the same scenario where a protected report contained information revealing employee misconduct and Jones must therefore show more than a mere factual connection. Here, as in *Cain*, Jones's reports of a verbal altercation with a co-worker revealed to BNSF the possibility that Jones had violated BNSF's safety rules. This rule violation occurred before Jones obtained the TRO and, like Cain, Jones could not immunize himself from responsibility for it simply by disclosing it in a protected format. Thus, like Cain, Jones must

---

[30]*Id.* (quoting *Marano*, 2 F.3d at 1143).

[31]*Id.*

[32]*Id.*

[33]Although Plaintiff contends that the standard of review issue was hotly contested in a petition for rehearing, the petition was denied and there is no discussion or analysis of any such dispute in the court's opinion.

show more than a mere connection between his protected activity and the adverse action.  Any contrary holding would permit Jones to use protected activity as a shield against the consequences of his independent rules violation.  Unlike Cain, however, this Court found no evidence of discriminatory animus by BNSF:  there was no evidence that BNSF was hostile towards or changed its attitude towards Jones because he obtained the TRO; BNSF's explanation for the suspension and discipline administered to Jones has never shifted, as it decided to withhold both Jones and his co-worker from service with pay because there was not enough information about the altercation and it wanted to be fair to both parties pending further investigation; and removing an employee that was part of a workplace altercation pending an investigation was contemplated by BNSF policies and procedures.[34]  Accordingly, the Court denies Jones's motion to alter or amend judgment.

### B.  Nick Hodges

Hodges argues that in its analysis of BNSF's affirmative defense, the Court omits the uncontroverted material fact that Johnson told McKinley that his protected statements were a reason Hodges would not get the machinist apprentice position.  Contrary to Hodges's claim, this Court directly addressed the issue and explained that Johnson responded that the statements Hodges gave on the Semple altercation issue did not match up or correlate.[35]  The Court went on to explain that "the undisputed evidence is clear and convincing that, even if BNSF was motivated in part by hostility to Hodges's protected activity, BNSF would not have promoted Hodges for the machinist apprentice positions because he was competing against more qualified

---

[34] Doc. 32 at 15.

[35] *Id.* at 10–11.

8

candidates."[36] Accordingly, the Court did not misapprehend the facts and considered this issue. Hodges's motion to alter or amend judgment is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Leave to File Surreply (Doc. 45) is DENIED;

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Alter or Amend Judgment, as supplemented (Docs. 34, 35, 40) are DENIED.

**IT IS SO ORDERED.**


Dated: July 11, 2016

                                                S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[36] *Id.* at 17–18.