IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN JONES AND NICK HODGES,

        Plaintiffs,

   v.

BNSF RAILWAY COMPANY,

        Defendant.

Case No. 14-2616-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiffs sued Defendant BNSF Railway Company ("BNSF") under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.* Defendant prevailed on summary judgment and submitted a bill of costs and the clerk taxed costs of $3151.32 against Plaintiffs (Doc. 57). This matter is before the Court on Plaintiffs' Motion for Review of Clerk's Taxation of Costs (Doc. 59) under Fed. R. Civ. P. 54(d). As explained below, Plaintiffs' motion is denied.

**I.  Standard**

Under Fed. R. Civ. P. 54(d), "costs should be allowed to the prevailing party." Such costs may include the expenses provided under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court's award of costs is discretionary, and its "discretionary power 'turns on whether or not the costs are for materials necessarily obtained for use in the case.'"[1] The prevailing party bears the burden of showing the amount of costs to which it is entitled, which must be reasonable.[2] "Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed."[3]

Transcript and copy costs under § 1920(2) and (4) must be "necessarily obtained for use in the case." Under this standard, the materials must be "reasonably necessary to the litigation of the case."[4] These costs are not recoverable if they "merely 'added to the convenience of counsel' or the district court."[5] "Materials produced 'solely for discovery' do not meet this threshold."[6] However, the Tenth Circuit acknowledges that materials may still be taxable even if they are not "strictly essential" to the Court's "resolution of the case."[7] If a transcript or copy was "offered into evidence," was "not frivolous," and was "within the bounds of advocacy," then costs may be appropriately taxed.[8] The Court evaluates the reasonableness of the expense at the time it was incurred.[9] Thus, "[i]f 'materials or services are reasonably necessary for use in the

---

[1] *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002).

[2] *In re Williams Sec. Litig.-WCG Subclass*, 588 F.3d 1144, 1148 (10th Cir. 2009).

[3] *Id.* (citation omitted).

[4] *Id.* (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).

[5] *Id.* at 1147 (quoting *U.S. Indus., Inc. v. Touche Ross & Co*, 854 F.2d 1223, 1245 (10th Cir. 1988)).

[6] *Id.* at 1148 (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).

[7] *Id.* (quoting *Furr*, 824 F.2d at 1550).

[8] *Id.* (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)).

[9] *Id.*

case,' even if they are ultimately not used to dispose of the matter, the district court 'can find necessity and award the recovery of costs.'"[10]

## II. Discussion

Plaintiffs object to the Clerk's award of costs on the following grounds: (1) the language of the FRSA is silent as to whether costs may be awarded to a prevailing defendant; (2) the costs were incurred before Plaintiffs utilized the provision in the FRSA allowing them to bring an action at law for de novo review in federal district court; and (3) the costs requested are not reasonable and lack appropriate documentation.

### A. FRSA

Plaintiffs first object to BNSF's costs because the language of the FRSA is silent as to whether costs may be awarded to a prevailing defendant. The FRSA states that "an employee prevailing in [an enforcement action] shall be entitled to all relief necessary to make the employee whole."[11] Such relief includes "litigation costs, expert witness fees, and reasonable attorney fees."[12] Although the FRSA is silent as to the award of costs to prevailing defendants, the Supreme Court has held that statutory silence "does not displace the background rule that a court has discretion to award costs."[13] In *Marx v. General Revenue Corp.*, the Court addressed the question of whether fees could be awarded to a prevailing defendant pursuant to Rule 54(d)(1) when § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA") expanded the costs awarded to prevailing plaintiffs, but was otherwise silent as to the award of costs to a prevailing defendant.[14] The Court explained that "[a] number of statutes state simply that the

---

[10]*Id.* (quoting *Callicrate*, 139 F.3d at 1339).

[11]49 U.S.C. § 20109(e)(1).

[12]*Id.* § 20109(e)(2)(c).

[13]*Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 380 (2013).

[14]*Id.* at 373–80.

3

court may award costs in its discretion," but that "[s]uch a provision is not contrary to rule 54(d)(1) and does not displace the court's discretion under the Rule."[15] The Court concluded that a statute "provides otherwise" for purposes of Rule 54(d) only if it is literally contrary to the rule, in the sense that it constricts the discretion that the rule recognizes.[16]  The *Marx* rule has been applied to similar language in other statutes.[17]

 The Court agrees with BNSF that the Supreme Court's reasoning in *Marx* applies here. Like the FDCPA, the FRSA awards fees to prevailing employers only if a case "is frivolous or has been brought in bad faith."[18]  This confirms "the background rule,"[19] and the statute's silence regarding costs in non-frivolous cases is not "contrary" to Rule 54(d)(1)'s presumption, nor does it limit the court's discretion in that area.[20]  Plaintiffs' objection on this ground is overruled.

### B.  Administrative Proceedings

28 U.S.C. § 1920 states that a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The Tenth Circuit has explained the prevailing party may recover only those transcript costs that are "'reasonably necessary to the litigation of the case.'"[21]

Plaintiffs object on the grounds that BNSF's costs are not recoverable as they were all incurred in a preceding administrative proceeding before the Secretary of Labor.  BNSF does not

---

[15]*Id.* at 378 (quoting 10 *J. Moore, Moore's Fed. Practice* § 54.101[1][c], at 54–159 (3d ed. 2012)).

[16]*Id.*

[17]*See Lochridge v. Lindsey Mgmt. Co.,* 824 F.3d 780, 782 (8th Cir. 2016) (FLSA); *Leimkuehler v. Am. United Life Ins. Co.,* 713 F.3d 905, 915 (7th Cir. 2013) (ERISA).

[18]49 U.S.C. § 42121(b)(3)(C).

[19]*Marx,* 568 U.S. at 378.

[20]*Id.* at 1173–74.  *See Armstrong v. BNSF Ry. Co.,* No. 12-cv-7962, 2016 WL 7240751, at *3 (N.D. Ill. Dec. 15, 2016) (applying *Marx* rule to prevailing defendant in FRSA action).

[21]*In re Williams Sec. Litig.-WCG Subclass,* 558 F.3d 1144, 1148 (10th Cir. 2009) (quoting *Mitchell v. City of Moore,* 218 F.3d 1190, 1204 (10th Cir. 2000)).

4

dispute that the costs were incurred before Plaintiffs utilized the relevant provisions of the FRSA.  Specifically, § 20109(d)(3) gives a plaintiff the option to bring the same FRSA claim that he filed with the Secretary of Labor in an original action at law or equity for de novo review in the appropriate district court of the United States, if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint.[22]  On December 8, 2014, Plaintiffs utilized their option to file their FRSA claims in the United States District Court for the District of Kansas.  In other words, Plaintiffs could not have utilized this option without first pursuing their claims administratively.  Plaintiffs cite no authority for their claims that BNSF is not entitled to the costs it incurred while defending the administrative proceedings that were a necessary precursor to the claims before this Court.  Moreover, the deposition transcripts at issue were cited and attached as exhibits to BNSF's memoranda in support of its motions for summary judgment on Plaintiffs' claims as well as its reply to Plaintiffs' response in the briefing before this Court.[23]  There is nothing in the record to suggest that the transcripts were used for a dual purpose between the administrative and district court proceedings.  This Court's order granting BNSF summary judgment cites the deposition testimony of every witness for which BNSF now requests costs.[24]  Accordingly, the Court finds that the deposition transcripts were reasonably necessary for the litigation of this case.[25]

---

[22] 49 U.S.C. § 20109(d)(3).

[23] Docs. 17, 20, 29.

[24] Doc. 32.

[25] *See Copar Pumice Co., Inc. v. Morris,* No. 07-0079 JB/ACT, 2012 WL 2383667, at *29 (D.N.M. June 13, 2012) (allowing costs for transcripts from administrative hearing related to 1983 action).  The Court notes that Defendant supplemented its Motion for Costs with documentation verifying certain depositions in its reply brief.  Doc. 51, Ex. A.  While Plaintiffs are correct that this documentation should have been included with the initial memorandum in support of costs pursuant to D. Kan. R. 54.1(a)(2)(C), Plaintiffs do not make any substantive objections to the content and do not cite authority justifying denial of the requested costs on this basis.

### C. McKinley Subpoena

Finally, Plaintiffs object to the cost for the subpoena of Ted McKinley because he was an employee of BNSF and therefore under the control of Defendant.  As Plaintiffs' Exhibit 6 shows, however, McKinley was the local chairman of the machinist union, and testified that his duties were to uphold the union contract between BNSF and his union.  BNSF contends that as part of their collective bargaining agreement, union employees must be served with a subpoena from their employer.  As such, the subpoena for McKinley was a necessary cost.  Plaintiffs do not dispute McKinely's status or provide legal authority for their objection, which is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Review of Clerk's Taxation of Costs (Doc. 59) is **DENIED.**

**IT IS SO ORDERED.**

Dated: <u>July 19, 2017</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

6